# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 16, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| LAURA PAPA, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 20-1086V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | * | |

Jonathan Joseph Svitak, Shannon Law Group, P.C., Woodbridge, IL, for Petitioner.
Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On August 27, 2020, Laura Papa ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged that she suffered a Table Injury of Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine she received on November 20, 2018. Petition at Preamble (ECF No. 1). On January 28, 2025, the undersigned issued a decision based on stipulation. Decision Based on Stipulation dated Jan. 28, 2025 (ECF No. 78).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On February 7, 2025, Petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion for Payment of Petitioner's Attorneys' Fees and Reimbursement of Case Costs ("Pet. Mot."), filed Feb. 7, 2025 (ECF No. 82). Petitioner requests compensation in the amount of $91,662.57, representing $57,545.10 in attorneys' fees and $34,117.47 in costs. Id. at 2. Petitioner has not personally incurred any costs in pursuit of her claim for compensation. Id. at 3. Respondent filed his response February 21, 2025, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot., filed Feb. 21, 2025, at 2 (ECF No. 83). Petitioner did not file a reply. The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Jonathan Svitak, $280.00 per hour for work performed in 2020, $310.00 per hour for work performed in 2021, $350.00 per hour for work performed in 2022, $380.00 per hour for work performed in 2023, $410.00 per hour for work performed in 2024, and $450.00 per hour for work performed in 2025; and for Ms. Rhonda Lorenz-Pignato, $415.00 per hour for work performed in 2020, $440.00 per hour for work performed in 2021, $454 per hour for work performed in 2022, $477.00 per hour for work performed in 2023, $506.00 per hour for work performed in 2024, and $555.00 per hour for work performed in 2025. Petitioner also requests rates between $163.00 and $209.00 per hour for paralegal work performed by her counsel or her counsel's paralegals from 2020 to 2025.

The undersigned finds the rates are consistent with what counsel has previously been awarded for their Vaccine Program work and finds them to be reasonable herein. The undersigned also finds Ms. Lorenz-Pignato's 2025 rate reasonable and will award her requested rate.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. However, due to the excessive billing of non-compensable administrative tasks (e.g., filing, preparing, and organizing exhibits)[3] by counsel and paralegals,[4] the undersigned finds a 2% reduction reasonable and appropriate, resulting in a reduction of

---

[3] For example, see entries dated February 7, 2025, May 24, 2025, April 26, 2024, December 28, 2023, December 27, 2023, September 19, 2023, January 10, 2022, December 2, 2021, November 29, 2021, June 9, 2021, May 28, 2021, and August 28, 2020. This is not an exhaustive list. The undersigned also notes counsel engaged in duplicative billing practices. See, e.g., Pet. Mot., Exhibit ("Ex.") A at 14 (entries dated November 29, 2021).

[4] It is well known in the Vaccine Program that billing for some administrative tasks, even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023) ("Clerical and secretarial tasks should not be billed at all, regardless of who performs them.").

$1,150.90.[5]  This is not a new issue to counsel.  See, e.g., Aman v. Sec'y of Health & Hum. Servs., No. 20-0366V, 2023 WL 2663037, at *2-3 (Fed. Cl. Spec. Mstr. Mar. 28, 2023); Olson v. Sec'y of Health & Hum. Servs., No. 21-0054V, 2023 WL 2638716, at *2-3 (Fed. Cl. Spec. Mstr. Mar. 27, 2023); O'Donoghue v. Sec'y of Health & Hum. Servs., No. 20-0391V, 2023 WL 2207409, at *2-3 (Fed. Cl. Spec. Mstr. Feb. 24, 2023).

Lastly, the undersigned has reviewed the requested costs and finds them to be largely reasonable and supported with appropriate documentation.  A small reduction is necessary because Dr. Huq's retainer fee ($3,000.00) was not reduced from his final August 2024 bill.  This results in a reduction of $3,000.00.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of Petitioner's request, the undersigned **GRANTS IN PART** Petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards:**

**Petitioner is awarded attorneys' fees and costs in the total amount of $87,551.67, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[6]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[5] $57,545.10 x 0.02 = $1,150.902.  The undersigned will round down.

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.